1004

In the Matter of the Westchester County Bar Association with Respect to Francis X. Orofino, an Attorney, Respondent.— Matter referred to Hon. J. Addison Young, official referee, to hear and to report with his opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ.

In the Matter of the Resignation of Samuel J. Stich, an Attorney and Counselor at Law. — Resignation as attorney and counselor at law accepted and his name ordered to be struck from the roll of attorneys. Present — Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ.

President and Directors of the Manhattan Company, Appellant, v. Callister Brothers, Inc., John T. Callister, Wm. L. Callister, Also Known as William L. Callister, Respondents.— Motion referred to the court that rendered the decision on the appeal. Present — Lazansky, P. J., Hagarty, Johnston and Taylor, JJ.; Adel, J., not voting. Motion for reargument denied, without costs. Motion for leave to appeal to the Court of Appeals, in accordance with subdivision 5 of section 588 of the Civil Practice Act, granted. The statement in our memorandum (President and Directors of the Manhattan Company v. Callister Brothers, Inc., 256 App. Div. 1097, decided April 17, 1939) that " The bond accompanying the mortgage served no useful purpose and ostensibly evidenced a debt which, however, was non-existent," had reference to the contention of the appellant that " The debt created by the bond and mortgage is entirely separate and distinct from the original indebtedness * * *." Such a collateral mortgage is an additional security for the payment of the primary indebtedness and may be foreclosed. To accomplish that result and to determine the extent to which the property burdened by the mortgage has been so pledged, resort may be had to the accompanying bond, and the above quoted statement, in so far as it implied to the contrary, was too broad. We adhere to our determination, however, that foreclosure of the collateral bond and mortgage, made and executed by the debtor, comes within the purview of section 1078 of the Civil Practice Act. The conceded facts distinguish the present transaction from that of a sale of negotiable bonds secured by a trust mortgage created for the purpose of borrowing money generally rather than of serving wholly and solely as collateral security for a primary indebtedness. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ.

Salig A. Waldman, Appellant, v. The Mutual Life Insurance Company of New York, Respondent.— Motion for leave to appeal to the Appellate Division denied, without costs. Present — Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ.